James H. Kirk v. The State.

No. 3318.    Decided November 15, 1905.

**Manslaughter—Opinion of Witness—Impeachment.**

On a trial for murder it was error to admit in evidence the opinion of a witness and make this a predicate for impeachment, and admit testimony for that purpose.

Appeal from the District Court of Cass.    Tried below before Hon. P. A. Turner.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hill Stewart, E. Newt Spivey,* and *Hart, Mahaffey & Thomas,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction is for manslaughter, with two years in the penitentiary fixed as the penalty.

Bill of exceptions number 3 shows that during the trial, defendant's witness, Jas. Sutton, testified that he was an eye-witness to the difficulty betwen defendant and deceased; that deceased came to where defendant was at work, at a well on defendant's premises, spoke to defendant; called him away from the well a short distance, by saying to defendant, "I want to see you a moment." Thereupon they walked away a short distance from the well, and witness heard deceased ask defendant why he reported him about carrying a pistol; and appellant remarked to deceased that he did not report him for carrying a pistol. Deceased replied, "Well your brother Dick did." Appellant said, "I have nothing to do with that." Deceased said: "You are a God damn liar. You did report me for carrying a pistol, and I came down here to kill you, and I am going to do it." About that time, deceased cut at appellant with a large knife, held in his right hand. Defendant knocked the lick off and backed off; deceased advanced on him, still cutting at him with said knife, when defendant drew his pistol and shot four times in rapid succession. Thereupon, on cross-examination, the said witness was asked by the district attorney the following question, "Did you not state, about three or four weeks ago, at Munz, Cass County, in Henry Rainey's store, in the presence of Whit Castner and Henry Rainey, after Henry Rainey asked you whether or not you were an eye-witness to the killing of Frank Castner by Kirk. To which witness replied he was; and then Whit Castner asked Sutton to please tell him how Kirk killed Castner. He said, 'I won't tell anybody, but I tried to keep Kirk from killing him, and if the

Kirks did not mind he would tell something that they did not want to hear, and said the fuss took place close to the well.'" To which questions appellant objected on the ground that the same was the opinion of the witness, was not impeachment upon any fact pertaining to the case, and the impeachment of witness as to statements made by him as to his belief; hearsay, irrelevant, immaterial and calculated to prejudice the rights of defendant before the jury. After this witness had testified as indicated above, denying that he made said statement, the bill of exceptions shows that the State was permitted to place Whit Castner and Henry Rainey upon the stand, and prove that he did make said statement. It appears that the court in limiting this testimony for the purpose of impeachment states in the charge that the conversation occurring between said parties at Bryan's Mill could only be considered for impeachment purposes, whereas the conversation occurred at a place called Munz. This testimony, as appellant insists, was the bare opinion of the witness and comes within the authorities inhibiting said opinion from being the predicate for impeachment. Parker v. State, 46 Texas Crim. Rep., 461; 10 Texas Ct. Rep., 552; Cogdell v. State, 43 Texas Crim. Rep., 178; 2 Texas Ct. Rep., 900; Drake v. State, 29 Texas Crim. App., 265; Johnson v. State, 27 Texas Crim. App., 163; Walker v. State, 6 Texas Crim. App., 576.

There are several bills reserved to the argument of State's counsel before the jury and the misconduct of the jury during their deliberation; but these matters are not likely to arise upon another trial and therefore are not discussed.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*