## E. L. BARBEE v. THE STATE.

### No., 3496.   Decided November 21, 1906.

**1.—Murder—Irrelevant Testimony—Impeaching Witness—Opinion of Witness.**

Where upon trial for murder the defendant set up as a defense insulting language and conduct by the deceased towards his. wife, it. was error to permit a State's witness to testify to the opinion of defendant's witness to the effect that he did not believe in the sincerity of appellant's said defense.

**2.—Same—Declaration of the Defendant—Warning—Defendant's Failure to Testify.**

Upon a trial for murder, where the defendant's testimony showed insulting language and conduct towards his wife by deceased, it was error to permit the State to introduce testimony of the officer that after he had warned the defendant in a general way that any statement by him in regard to the killing would be used against him, the defendant did not tell the officer anything about such insulting language and conduct by the deceased towards defendant's wife, but that he did make other statements.   Brooks, Judge, dissenting.

**3.—Same—Motive—Threats Where No Person was Named.**

Upon trial for murder, it was error to permit the State to introduce testimony that defendant prior to the homicide and on the same day had exhibited to witness a pistol, and told him that he was loaded for John Davis or anybody else.   The name of the deceased was Lon Jenkins.

**4.—Same—Charge of Court—Error Not Calculated to Injure Rights of De-fendant—Deadly Weapon.**

Where upon trial for murder the evidence showed that the defendant used a pistol, a deadly weapon, to accomplish his purpose, it was not necessary for the court to charge upon the question of deadly weapon and the intent with which it was used; however, as the evidence also showed that the defendant killed deceased and that he intended to do so, such error if any was not calculated to injure the rights of defendant.   Overruling Burnett v. State, 79 S. W. Rep., 550.

**5.—Same—Manslaughter—Charge of Court—Adequate Cause.**

Where upon trial for murder the evidence showed a homicide under passion, terror, rage and resentment over the deadly assault by deceased, as well as insulting conduct to a female relative, there was no error in the court's charge that the provocation as a predicate for manslaughter must arise at the time of the unlawful killing; the issue of insult to female having also been submitted.

Appeal from the District Court of Grayson.   Tried below before the Hon. B. L. Jones.

Appeal from a conviction of murder in the second degree; penalty, fourteen years imprisonment in the penitentiary.

The opinion states the case.

*Troy Pace, Wolfe, Hare & Maxcy* and *Smith & Wall,* for appellant. —On question of defendant's declaration: Gardner v. State, 34 S. W. Rep., 945; Campbell v. State, 55 Ala., 80; Denton v. State, 60 S. W. Rep., 672; Humphrey v. State, 11 Texas Ct. Rep., 484; Underhill's Crim. Ev., sec. 242.   On question of charge on manslaughter: Melton v. State, 83 S. W. Rep., 822; Orman v. State, 22 Texas Crim. App., 604.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree; fourteen years in the penitentiary fixed as the punishment.

His second assignment of error complains that appellant had proved by his wife, that about the middle of July, 1904, the date appellant threshed oats at his house, deceased made indecent proposals to his wife at her home on the afternoon of that date; that said insults were communicated to appellant on the night before the homicide, and the killing occurred on the first meeting. And appellant also proved by Henry Rankin, that about the middle of July, 1904, in the afternoon he met deceased hauling grain from the thresher at appellant's house; and in the conversation with deceased, he offered to sell his horse and buggy to witness, stating that he might have to go to California or somewhere else. That on the Sunday following, deceased stated to witness that he had made a crack at old lady Barbee, and she raised hell. On cross-examination by the State, the witness Rankin testified that he did not, after appellant's habeas corpus trial, state to Joe Enloe, that he had heard appellant's wife's testimony on said trial; and that he did not state that he did not believe a word of it, or that he was satisfied it was not so. Thereafter the State, for the purpose of contradicting witness Rankin, produced Joe Enloe, who testified that he had a conversation with Henry Rankin at Howe, after the habeas corpus trial in reference to Mrs. Barbee's testimony, and in that conversation witness Rankin stated either that he did not think deceased had insulted Mrs. Barbee, or that he did not believe her testimony. Appellant objected to the impeachment of the witness, Joe Enloe, on the ground that no proper predicate had been laid, and whether Rankin made such statement or not was irrelevant and immaterial, and whether or not Rankin believed that deceased insulted Mrs. Barbee was immaterial and irrelevant, and was an attempt to impeach the witness on an immaterial matter. To support appellant's contention he cites the cases of Kirk v. State, 89 S. W. Rep., 1067; Drake v. State, 29 Texas Crim. App., 265; Walker v. State, 6 Texas Crim. App., 576; Davis v. State, 20 S. W. Rep., 923; Scott v. State, 12 Texas Ct. Rep., 664. It was error for the court to permit the introduction of the testimony of the witness Joe Enloe, since it was immaterial and irrelevant whether witness Rankin believed in the sincerity of appellant's defense, to the effect that deceased had insulted his wife or not. This would be opinion evidence, and one of the vital points in appellant's defense. It was for the jury to pass upon whether deceased insulted appellant's wife, and it was not proper for the State to introduce a witness, or introduce the statement of a witness, to the effect that he did not believe that deceased had insulted appellant's wife.

Appellant's third assignment complains that, after appellant had proved the insult to his wife by deceased, and the killing upon first meeting with deceased, the State to rebut said testimony, introduced

the sheriff, who testified that immediately after the homicide he took charge of appellant and had him in custody one and one-half hours, and informed him that he was charged with the murder of Jenkins, and that any statement he made would be used against him on the trial, and not for him; and advised appellant not to make any statement, and told him he did not have to make any. Thereupon, State's counsel asked the sheriff the following question: "State whether or not during that time, defendant Barbee made any statement to you in regard to the killing? A. Yes, sir; he made some statements. Q. I will ask you whether or not during the time you were with him and during all of the time he made any statements, if there was anything said about Lon Jenkins' treatment of his wife?" To this question appellant objected; first, that there was no legal warning; second, it had not been shown to have been made at such time as to make it admissible under any warning that may have been given to him; because it was not in such proximity to the time of the warning as that defendant would have the warning in mind; third, that it was not in rebuttal of any matter introduced by appellant; fourth, that it was not an effort to establish a fact or bring out a declaration or confession, but a failure to make a declaration with reference to a particular matter; and is irrelevant and immaterial and would necessarily involve a conclusion to be drawn from the failure of the defendant to say anything about the statement of his wife · as to deceased; and was misleading. Among other authorities cited by appellant supporting his contention is Denton v. State, 60 S. W. Rep., 672. The majority of the court are of opinion that this authority supports appellant's insistence that the above testimony is not admissible, on the ground that it is proving the failure of the defendant to testify. The writer does not agree to this, but believes that the testimony is admissible, and that the failure to make this defense at the time—the defense mainly relied ·upon by him at the trial—was a pertinent inquiry.

The fourth error complains that the court erred in permitting the State's witness, Jim Poindexter to testify that on the day of and prior to the homicide, appellant exhibited to witness a pistol, and told witness, "I am loaded for John Davis, or anybody else." The objection to this testimony is, that it was not in rebuttal, immaterial and tended to prejudice the rights of appellant. This testimony was not admissible under Godwin v. State, 38 Texas Crim. Rep., 466. We do not deem it necessary to discuss the matter further.

Appellant objected to the fourteenth paragraph of the court's charge, which is, as follows: "The instruments or means by which the homicide is committed are to be taken into consideration in judging the intent of the party offending. If the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner it was used such intention evidently appears. Appellant objects to this charge on the ground that the same is mis-

leading, not applicable to nor authorized by the facts, and calculated to prejudice the rights of defendant before the jury. To support this insistence, appellant cites Burnett v. State, 79 S. W. Rep., 550; Spivey v. State, 77 S. W. Rep., 445. These authorities are exactly in point. However, in Smith v. State, 19 Texas Crim. App., 110, and Spivey v. State, supra, the court gave an erroneous charge on malice, where the defense was insanity. Article 723, Code Criminal Procedure, expressly prohibits this court from reversing a judgment, unless error in the charge was calculated to injure the rights of appellant. We do not believe that the charge of the court above quoted, is of such erroneous character as authorizes this court to reverse the case, since we do not see how the charge could have injured the rights of appellant, nor do we think that the charge was calculated to do so. Where the evidence is as in this case, it is not necessary to give such a charge, since there was no suggestion by the State or appellant, that appellant did not intend to kill deceased; nor is there any colloquy in the record over the fact that appellant used a pistol, a deadly weapon, to accomplish his purpose. How could such charge have injured appellant? There was no question but that he killed deceased; and there is no question but that appellant intended to do so. The court charged the jury that the instrument or means used can be taken into consideration in judging the intent of the party offending. And so we hold that this charge could not have injured appellant. The case of Burnett holding such a charge would be injurious under this state of facts, is hereby overruled. The evidence, from the State's standpoint, shows, in substance, that appellant walked up to deceased, who was standing at the back end of a wagon, and without word or warning, shot him, and from this wound he died. Appellant insists that deceased made a demonstration with a knife against his person at the time he shot him, and also testified that deceased had insulted his wife, which insult had been communicated to him, and the killing took place on first meeting, and at the time he shot deceased, he shot because he was making the assault or attempting to make the assault upon him and was actuated in so doing both by the insult to his wife and the assault so made. He further states that he could not say that he had made up his mind to kill him on account of his insult to his wife, but would have killed him for the assault. This being in substance the evidence, the charge, in the very nature of things could not have injured appellant.

Appellant complains of subdivision A of paragraph 18 of the court's charge which is to the effect that the provocation as a predicate for manslaughter must arise at the time of the unlawful killing. Appellant insists that the charge is erroneous in view of the law in reference to an insult offered to a female relative involved in this case; and is contradictory to the paragraph in reference to an insult offered to a female relative; that it is misleading and prejudicial. The evidence raised the issue of manslaughter under passion arising from an

adequate cause, such as terror, rage or resentment over the deadly assault by deceased. The court submitted this phase of manslaughter to the jury. In order to do so, it was necessary to properly define manslaughter upon sudden impulse. The court also very properly charged upon manslaughter arising from an insult to a female relative, where the killing occurs on first meeting.

We do not deem it necessary to discuss other errors assigned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*