GRACE LOTT V. THE STATE.

No. 21452. Delivered February 26, 1941.
On Motion to Reinstate Appeal March 19, 1941.

The opinion states the case.

*Oliver W. Johnson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is misdemeanor theft; the punishment, a fine of ten dollars and confinement in jail for one day.

The record fails to disclose that notice of appeal was given as required by law. Hence this court is without jurisdiction. Article 827, C. C. P., reads as follows:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected the appeal is reinstated and the case considered on its merits.

It was charged in the complaint and information, in substance, that appellant fraudulently took twenty-five dollars in money from the possession of Dudley M. Stelle without his consent.

The statement of facts discloses that the sheriff of Kendall County testified, in substance, as follows: On the 23rd day of August, 1940, he was called to the Bird ranch which is located

in Kendall County. Mr. Bird informed him that some money was missing. He (the witness) took appellant and another employee of the ranch into custody, and started with them to San Antonio. On their way to San Antonio he told appellant and her companion that he wanted them to tell the truth about the matter. Appellant denied that she had taken the money from anyone. After reaching San Antonio he carried appellant to "Detectives' Office" for the purpose of having the lie detector used on her. Later he carried appellant back to Kendall County, where she made a confession and led him to the place where "the money was hidden," saying to him at the time that she had stolen such money.

The witness testified further that he had never had a conversation with Dudley M. Stelle, the alleged injured party, but had received a letter from him after appellant had been arrested and had made a confession. At this juncture we quote from the agreed statement of facts as follows: "The witness testified that from his own knowledge, that he did not know who the money belonged to, other than what was told to him by the defendant after her return from San Antonio; and that he did not know of his own knowledge whether or not Dudley M. Stelle had given the defendant his consent to take the money."

We have set forth substantially all of the testimony adduced upon the trial.

We find in the record a copy of a confession purportedly made by the appellant. It was not carried into the statement of facts and is therefore not authenticated by the trial judge in any manner. It merely bears the certificate of the clerk of the county court to the effect that it was introduced in evidence during the trial of the case. In view of the fact that it is no part of the statement of facts, it is not subject to consideration. If such purported confession should be considered, it shows in substance that appellant stole twenty dollars belonging to Dudley M. Stelle, the injured party. Other than the confession there is nothing in the record to show that Stelle lost twenty dollars by theft. In short its only the confession that shows the offense of theft of Stelle's money had been committed. Hence the corpus deliciti was not sufficiently established. Be that as it may, we are bound by the statement of facts, and in the testimony shown therein nothing appears to show that the alleged injured party lost any money. If he did lose twenty dollars there is. nothing in the testimony in support of the averment in the indictment that the taking was

without his consent. Obviously, the evidence is not sufficient to support the judgment of conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.