## W. R. RUFFIN v. THE STATE.

*No. 1359. Decided December 9th, 1896.*

### 1. Acceptance of a Bribe by a Judicial Officer—Indictment.

An indictment, against a county commissioner for accepting a bribe, on a date named, to vote for one S., as public weigher, which alleged that the appointment of such public weigher, "was thereafter to be brought before the Commissioners' Court of said county," is sufficient without stating the specific time or date when the official act was to be performed by the Commissioners' Court.

### 2. Same.

Where it devolved upon the Commissioners' Court to remove a person then holding the office of public weigher, before a new public weigher could or would be appointed by them, it was not essential to allege in the indictment that the Commissioners' Court intended to remove such incumbent.

### 3. Same.

A general allegation in the indictment, that the bribe was accepted, "with the understanding that the influence, judgment, acts, opinion and vote of the said R., in said court would be given and rendered in favor of said S., in securing the appointment," etc., is sufficient without stating more specifically how the commissioner was to act and vote in the matter.

### 4. Same—Offense Complete When.

On a charge of accepting a bribe, as county commissioner, to vote for a certain party for public weigher, in the stead of an incumbent who had first to be removed, the offense was complete when the bribe was accepted and received with the understanding that the removal would take place and the appointment would be made, and it was immaterial whether the removal was ever made or the matter of appointment ever came up.

### 5. Same—Accomplice Testimony—Charge.

The party offering or paying a bribe is an accomplice in the crime to the acceptor or receiver and with reference to his testimony as a State's witness in such a case, the court should charge that he was an accomplice, and instruct upon the law of accomplice testimony.

### 6. Same—Allegation and Proof.

Where an indictment for accepting a bribe alleged, that the defendant, as county commissioner, accepted the bribe for the purpose of influencing his vote and action in the Commissioners' Court in favor of one S., as public weigher. Held: The allegation is not sustained by proof that defendant accepted and received the bribe to induce him to influence one M., who was a county commissioner, to vote for said S.

APPEAL from the District Court of Colorado.   Tried below before Hon. T. H. SPOONER.

Appeal from a conviction for accepting a bribe as county commissioner; penalty, two years' imprisonment in the penitentiary.

The indictment is set out in the opinion.   A motion to quash the same, because, (1) "It fails to allege with sufficient certainty, the question or proceeding for which it is alleged that defendant agreed to cast his vote."   (2) "It does not allege the time when such question or proceeding would come before said Commissioners' Court."   (3) "It does not allege.that there was a vacancy, to fill which, it is alleged, said bribe was accepted."   (4) "The same is vague and uncertain,"—was overruled.

The opinion states material facts.

*Kennon & Adkins*, for appellant.—Everything should be stated in an indictment which it is necessary to prove.   Code Crim. Proc., Art. 421; Vaughan v. State, 9 Tex. Crim. App., 564, and authorities cited.

The court erred in refusing to give defendant's requested instructions upon accomplice evidence, with reference to the State's witnesses, Stockbridge, Eldridge and Frazer.

The evidence shows that Stockbridge first suggested the bribe, and that he and Eldridge and Frazer laid a trap to catch defendant; and, acting together, induced him to agree to accept a bribe; and that Eldridge, with the knowledge and consent of the other two, sent defendant the money.   O'Brien v. State, 6 Tex. Crim. App., 665; Deever ,et al v. State, 30 S. W. Rep., 1071.

The verdict of the jury is contrary to and not supported by the evidence.   The testimony of Stockbridge is to the effect, that defendant was to receive the $25, in order to use it in "fixing" Malsch, another member of the Commissioners' Court.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of bribery, and given two years in the penitentiary, and prosecutes this appeal.   Appellant made a motion to quash the indictment in. this case on the ground "that the same charges no offense."   The language of the indictment in this respect is as follows:   "That W. R. Ruffin * * * was then and there * * * a county commissioner of said county and State, duly elected, qualified, and acting as such officer, and that there was thereafter to be brought before the Commissioners' Court of said county, of which said court the said Ruffin was, by virtue of his said office, a member, a certain proceeding, to-wit: the appointment of a public weigher in and for the town of Eagle Lake, in said county and State, and that the said court was authorized and empowered under the law to make said appointment; and the said Ruffin, by virtue of his said office and as a member of said court, had the right, under the law, to participate in said proceedings, and to cast a vote in the appointment of a

person to the said office of public weigher; and the said Ruffin did, on the 16th day of March, 1895, in the county and State aforesaid, unlawfully, wilfully, and corruptly agree and consent to accept a bribe, and did accept a bribe, from one D. W. Stockbridge, who was then and there an applicant for appointment to the said office of public weigher—that is, he, the said Ruffin, did agree and consent to accept, and did then and there accept, twenty-five dollars, current money of the United States of America, and of the value of twenty-five dollars, from the said Stockbridge, and the said Ruffin did then and there agree and consent to accept the same, and did accept the same, from the said Stockbridge, under an agreement with the said Stockbridge, and with the understanding that the opinion, judgment, acts, influence, and vote of the said Ruffin in said court would be given and rendered in favor of the said Stockbridge in securing the appointment of the said Stockbridge to the said office of public weigher for the said town of Eagle Lake," etc. The contention of the appellant is that the indictment should have been more specific as to the date when the official act of the Commissioners' Court was to be performed; that the mere statement in said indictment "that there was thereafter to be brought before the Commissioners' Court of said county," etc., the appointment of a public weigher, etc., appellant contends was insufficient. The thing to be done by the commissioner on account of the alleged bribe was to vote for the said Stockbridge as public weigher at the town of Eagle Lake. This act or vote would be done at some regular or called session of the Commissioners' Court of Colorado County. It is alleged in the indictment, as will be noticed, that this matter of appointment was to be brought before said Commissioners' Court thereafter. The date of the giving of the bribe is alleged. This was necessary. But is it necessary to allege the date when said matter of the appointment of a public weigher by the Commissioners' Court was to be acted upon? We think not. Of course, if the proof showed that such a matter could not come up at all before the Commissioners' Court, or was to come up after the expiration of the term of office of the commissioner, or at some impossible time, the proof would not sustain the indictment. But, in our opinion, the terms "thereafter to be brought before said Commissioners' Court" would include any time when such matter could be acted upon by the Commissioners' Court; and, if the proof showed that it was to be acted upon during his term of office, it will be sufficiently responsive to the allegation in the indictment. Nor would it matter that something else was to be done by the Commissioners' Court in regard to the public weigher at Eagle Lake before the appointment in question could be made. In State v. Ellis, 33 N. J. Law, 102; 97 Amer. Decs., 707, it was held that it was a bribe at common law to offer money to a member of a city common council to vote for a thing upon which they had no authority to act. Dalrimple, Judge, in that case says: "It was only the more criminal, because the defendant sought by the corrupt use of money to purchase from the council an easement which they had no au-

thority to grant. He thereby endeavored to induce them to step beyond the line of their duty, and usurp authority not committed to them." Under our statute, perhaps, we could not go so far, nor is it necessary in this case, because it is not questioned that the Commissioners' Court had jurisdiction of the matter of the appointment of a public weigher at Eagle Lake, under certain contingencies. The contingency, as shown by the proof in this case, was that the commissioners were going to remove the then public weigher at Eagle Lake when they should meet in April, and appoint Stockbridge in his stead. It is true, they had to make the removal of the then incumbent first before the commissioners could act on the appointment of his successor. We do not think, however, it was necessary to allege the fact in the indictment that the commissioners intended to remove the incumbent. Nor was it necessary to state more specifically than was done in the indictment how the commissioner was to vote or act in the matter. The general allegation that the bribe was given "with the understanding that the influence, judgment, acts, opinion, and vote of the said Ruffin in said court would be given and rendered in favor of the said Stockbridge in securing the appointment," etc., was sufficient. The preceding view of this case disposes of the assignment of error by the appellant to the action of the court in excluding the evidence offered by defendant that there was no vacancy in the office of public weigher at Eagle Lake, and that no steps had been taken to declare said office vacant, or to remove the then incumbent. The offense was complete when the bribe was accepted and received with the understanding that the removal would take place, and that the appointment would be made, and it is immaterial whether the removal was ever made, or the matter of appointment ever came up.

The court failed and refused to charge on accomplice's testimony. In view of the fact that Stockbridge, the party who is alleged to have paid the bribe to the defendant, was a material witness for the State, we believe the court ought to have charged the jury that he was an accomplice. The indictment in this case charges the defendant with "accepting a bribe with the understanding that his opinion, judgment, acts, influence, and vote in the said Commissioners' Court should be given and rendered in favor of said Stockbridge in securing the appointment of the said Stockbridge to the said office of public weigher in the town of Eagle Lake, in violation of his duty," etc. The evidence for the State is that the $25 charged to have been received by him was received with the understanding that with that money he would go to the town of Columbus, and see one Malsch, who was also a county commissioner, and influence him to vote for Stockbridge. This is testified to by three witnesses, and is not contradicted. The testimony for the State also shows that the appellant advised Stockbridge to send $40 to one Foley, to be delivered to one Green; said Green being also a commissioner. This was intended to influence Green in his vote or action in regard to the appointment of Stockbridge. As we understand this testimony, the $25 was given by appellant to induce him to influence Malsch to vote

for Stockbridge, and not to influence appellant's vote for Stockbridge. There is proof in the record that appellant had agreed to vote for another applicant, and no proof whatever that appellant ever agreed to vote for Stockbridge. Now, in order to sustain the allegation in this indictment, the proof must show beyond a reasonable doubt that the bribe was given directly to appellant, and received by him, for the purpose of influencing his vote and action in the Commissioners' Court in selecting one Stockbridge as public weigher for the town of Eagle Lake. As stated above, it does not appear that appellant was to have received any of this money; it was to influence other commissioners. While the proof might sustain an allegation that appellant offered to bribe Malsch, with said $25, yet there is no such allegation in the indictment. In our opinion, the proof does not sustain the allegation of bribery contained in the indictment. Because of the errors discussed, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*