## Henry Collins v. The State.

### No. 244.     Decided December 8, 1909.

**Theft—Confession—Warning—Evidence.**

Where, upon trial for theft, it appeared that the alleged confessions introduced in evidence were not reduced to writing; that defendant was under arrest at the time when they were made, and was not warned, the same were inadmissible.

Appeal from the County Court of Shelby. Tried below before the Hon. W. D. White.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and five days confinement in the county jail.

The opinion states the case.

*H. E. Stephenson,* for appellant.—On question of the court's charge on confession: Cross v. State, 101 S. W. Rep., 213; Buckner v. State, 52 Texas Crim. Rep., 271, 106 S. W. Rep., 363; McMeans v. State, 55 Texas Crim. Rep., 69, 114 S. W. Rep., 837.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft, his punishment being assessed at a fine of $25 and five days imprisonment in the county jail.

1. The State introduced appellant's confession made to Deputy Sheriff Swanzy and another witness named Hooper while he was under arrest. Both witnesses testified that appellant was not warned; and besides, the statements or confessions were not reduced to writing as required by the statute. The bill setting up these matters is very full, but we deem it unnecessary to make a detailed statement of the confession and other facts. It is uncontroverted and conceded that appellant was under arrest, and was not warned. This rendered his confession inadmissible.

2. The matter set up in the second bill of exceptions will not occur upon another trial. This bill was reserved to the action of the county attorney before the jury in reference to dismissing a prosecution against Nard charged with the same offense. The matters are not further mentioned as they may not occur upon another trial.

As the record is presented, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*