### OLIVER CHISM v. THE STATE.

#### No. 2625.   Decided October 15, 1913.

**1.—Gaming—Evidence—Confessions.**

Where the alleged confessions were not reduced to writing in accordance with the statute and the defendant was not warned, they were inadmissible in evidence.

**2.—Same—Evidence—Opinion of Witness.**

Upon trial of gaming, it was reversible error to admit in evidence the opinion or conclusion of the witness.

Appeal from the County Court of Tarrant.   Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of gambling.   The State's case was circumstantial that appellant was engaged in gambling. This was positively denied by appellant in his testimony and other witnesses.   In rebuttal the State introduced the witness Buck Williams, deputy sheriff, who had previously testified in the case, and by him proved as follows, as shown by bill of exceptions:  "After we arrested the defendant and the two Smiths for gaming, and while we were taking them to jail and after we had got about half a mile from where we arrested them, the defendant told me that he and the witness Will Smith had been gaming, and that Jim Smith had nothing to do with the game.   At the time this statement was made to me by the defendant, he had not been warned that his statement would be used in evidence against him, nor was his statement reduced to writing and signed by him."   Appellant reserved all sorts of exceptions, among others, that the testimony showed at the time the conversation was had between the deputy sheriff and himself he was under arrest and en route to jail, was in charge of the officers, and the statement introduced was in the nature of a confession by defendant to the officer; that the defendant had not been warned as the law required, and that the statement was not reduced to writing and signed by him in obedience to the statute, and that before the confession of the defendant could be introduced against him these

things must occur. This is one of the bills and illustrates the issues presented in the other bills of exception. It is therefore unnecessary to discuss but one of the bills. The exceptions are well taken. The confession, under the circumstances stated, was inadmissible. Before a confession can be used under circumstances here detailed, the witness must not only be warned but that statement must be reduced to writing in accordance with the statute. The objection should have been sustained and the testimony excluded.

It is unnecessary to discuss the other bills of exception. One of the bills sets out practically the same character of testimony as the above, and under the same circumstances, but from a different officer. The remaining bill of exception is to the effect that the witness McCain was permitted over appellant's objection to state his opinion as to what 'the parties were doing at the time they saw them in the house before they were arrested. The language employed by the witness is as follows: "I am certain they were gambling; they acted like it, or at least that is my opinion; however, I did not see any hand played by defendant, nor did I see any money bet." As this testimony is expressed, we are of opinion it should not have been permitted to go to the jury. The witness could state what was being done by the parties at the time he first saw them, but not his opinion or his conclusion from the acts. The acts were facts he might detail, but his opinion was not a fact, and conclusion to be arrived at was not for the witness but for the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*