## Rufus Bozeman v. The State.

### No. 5438.   Decided October 15, 1919.

**1.—Murder—Confession—Question of Fact—Voluntary Confession—Charge of Court.**

Where, upon trial of murder, a written confession by the defendant was introduced in evidence, but there was a question whether the confession was voluntary or otherwise, the court should have instructed the jury to disregard the confession if it was found by them to have been responsive to promises or threats under the facts in evidence, and a refusal to do so was reversible error. Following Blocker v. State, 61 Texas Crim. Rep., 413, and other cases.

**2.—Same—Confession—Rebuttal Evidence—Harmful Error.**

Where the State contended that the defendant's confession was introduced in evidence in rebuttal only, and that the error, if any, was harmless, but the record on appeal showed that the State used the written confession to contradict defendant and impeach his statement on the witness stand, touching material issues, a refusal of the court to instruct the jury to determine whether the confession was voluntary was harmful and reversible error.

**3.—Same—Evidence—Immaterial Testimony.**

Upon trial of murder, there was no error in the court's refusal to admit testimony that deceased had separated from his wife on account of his conduct toward other women. Following Jones v. State, 38 Texas Crim. Rep., 87.

**4.—Same—Evidence—Original Testimony.**

Upon trial of murder, there was no error in admitting testimony that the defendant had sought to borrow a pistol from the witness. without laying a predicate to impeach the defendant, as this was original testimony.

**5.—Same—Evidence—Opinion of Witness.**

Where, upon trial of murder, the testimony refused was in the nature of giving the impression and opinion of the witness, there was no reversible error. Following Denton v. State, 79 S. W. Rep., 560, and other cases.

**6.—Same—Evidence—Insult to Female Relative—Fabrication—Motive.**

Upon trial of murder, where defendant claimed insulting conduct by the deceased toward defendant's wife, there was no error in admitting testimony tending to show motive for the fabrication of the evidence of the second transaction of the deceased with defendant's wife, to the effect that defendant had been advised that he could no longer act on the first provocation as he had met the deceased.

**7.—Same—Evidence—Insult to Female Relative.**

Where, upon trial of murder, the defendant claimed insulting conduct by the deceased toward defendant's wife, there was no error to show in rebuttal that the defendant had knowledge that his wife had been guilty of improper conduct with another man than deceased; and, specific acts of such immoral conduct were admissible. Following Young v. State, 59 Texas Crim. Rep., 137, and other cases.

**8.—Same—Right to Arm—Self-Defense—Charge of Court.**

Where, upon trial of murder, defendant claimed self-defense and insult by deceased to defendant's wife, and the court had given an unqualified charge of self-defense, he was not required to instruct the jury upon defendant's right to arm himself before seeking deceased for an interview. Following Williford v. State, 38 Texas Crim. Rep., 393.

**9.—Same—Circumstantial Evidence—Charge of Court.**

Upon trial of murder, the court's charge on circumstantial evidence should not have been given under the facts.

Appeal from the District Court of Falls. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Nat Llewellyn* and *Frank Oltorf*, for appellant.—On question of character of deceased: Orange v. State, 83 S. W. Rep., 385; Jones v. State, 41 id., 638.

On question of laying predicate for introduction of impeaching testimony: Jordon v. State, 10 Texas, 479; Walton v. State, 77 Texas Crim. Rep., 413, 178 S. W. Rep., 358.

On question of statements made by witness to defendant: Denton v. State, 79 S. W. Rep., 560; Barbee v. State, 97 id., 1058; Welch v. State, 81 id., 50.

On question of voluntary confession: Gallagher v. State, 24 S. W. Rep., 288; Clayton v. State, 21 id., 255; Searcy v. State, 28 Texas Crim. App., 513.

On question of defendant's right to arm himself: Melton v. State, 47 Texas Crim. Rep., 451; Borden v. State, 42 id., 648; Knight v. State, 55 Texas Crim. Rep., 243, 116 S. W. Rep., 56; Harden v. State, 211 S. W. Rep., 233.

*E. A. Berry*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant shot and killed Harvey Young, for which he was indicted and convicted of murder, and his punishment assessed at confinement in the State penitentiary for a period of fifteen years.

The jury was instructed upon the law of murder, manslaughter, and self-defense. The appellant, accompanied by one Myers went into the place of business of the deceased, called him aside and engaged him in conversation, and shot him several times with a pistol. An eyewitness for the State testified that prior to the shooting the deceased made no demonstration against the appellant. The appellant's theory and testimony was to the effect that on the day

preceding the homicide his wife had informed him that the deceased had come to her house and made indecent proposals to her; that appellant had talked to the deceased after receiving this information, and the deceased had promised not to return to the premises of the appellant or to speak to his wife. Appellant claimed in his testimony that according to information given him by his wife the deceased disregarded this promise and returned to the appellant's premises, and again was guilty of insulting conduct towards the wife of the appellant. Then, on the occasion of the homicide, he had armed himself and sought the deceased in his premises to seek an explanation of his subsequent conduct in going to the house of the appellant, and that the deceased became angry and made a demonstration to strike the appellant with a hammer when the firing began.

After the development of appellant's case, the State in rebuttal introduced in evidence a written confession, signed by the appellant and witnessed as required by the statute when taken in the presence of officers. The confession was written by the county attorney in the presence of the sheriff and one or two other officers in the nighttime. The appellant testified, in substance, that the sheriff came to him in jail between ten and eleven o'clock at night, and said to the appellant that if he would make the confession that he would release and not prosecute him; that he had been influenced by another to kill the deceased and ought not to be punished. The county attorney testified that he came to his office in response to information from the sheriff over the telephone that the appellant wanted to make a confession, and that for the purpose of taking it he came to his office, to which the sheriff brought the appellant. The county attorney said that he wrote the confession at the dictation of the appellant, and that during its preparation there was no promises or threats made to or against the appellant. The county attorney disclaimed any knowledge as to what took place between the appellant and the sheriff prior to the making of the confession. Neither the sheriff nor the other officers who were present at the making of the confession were used by the State to contradict the testimony given by the appellant touching the promises made by the sheriff. We think there was no error in admitting the confession as evidence, but that the complaint of the appellant of the refusal of the court, upon request of appellant, to submit to the jury the question of fact—whether the confession was voluntary or otherwise—and to instruct them to disregard it if it was found by them to have been responsive to promises, and threats made by the sheriff and the inducements by him offered appellant, was error. Hardin v. State, 211 S. W. Rep., 60; Knight v. State, 55 Texas Crim. Rep., 243, 116 S. W. Rep., 56; Clayton v. State, 21 S. W. Rep., 255; Searcy v. State, 28 Texas Crim. App., 513; Gallagher v. State, 24 S. W.

Rep., 288; Morris v. State, 39 Texas Crim. App., 371; Sparks v. State, 34 Texas Crim. App., 86; Paris v. State, 35 Texas Crim. App., 82; Blocker v. State, 61 Texas Crim. App. 413.

The State's counsel suggests that by reason of the fact that the confession was not used as original testimony, but was introduced in rebuttal only, the error mentioned was harmless. The confession introduced by the State mentions the fact that appellant had been informed by his wife of the first insulting conduct of the deceased toward her, but omits any reference to the second transaction of that character. The evidence concerning the second occurrence was of vital importance. This is true by reason of the fact that after the first occurrence the appellant had talked with the deceased and reached an understanding that the deceased was not again to go to the home of appellant or to speak to his wife. The theory presented by the appellant's testimony is that it was by reason of the fact that the deceased had violated this agreement, and had the second time gone to the home of appellant and approached his wife in an insulting manner, that the appellant sought the interview with the deceased which culminated in the homicide. The State used the written confession to contradict the appellant and impeach his statement on the stand touching the second act of misconduct of the deceased toward the wife of the appellant. The confession was effective for this purpose, because while it stated in considerable detail the occurrences preceding, leading up to, and attending the homicide, it failed to mention the second interview of the deceased with appellant's wife. The State having thus made use of it, we cannot concur in the view that the refusal of the court to have the jury determine whether it was voluntary or not was harmless. Moreover, there are other statements contained in the written confession tending to show conspiracy with Myers, premeditation, and malice, which are in conflict with the testimony of appellant given upon the witness stand.

The court was not in error in refusing to permit the appellant to have the witness Cox state that the deceased had separated from his wife on account of his "running around after women." Jones v. State, 38 Texas Crim. Rep., 87.

The testimony of the witness Little that the appellant had sought to borrow from him a pistol was admissible in evidence without laying a predicate to impeach the appellant. The efforts of the appellant to procure a pistol were available to the State as original testimony to show preparation for the homicide.

The statement of the witness Buford to the appellant that the language used by the deceased would not justify an assault by the appellant, and the advice given by the witness to abandon the controversy, were of a nature to give the witness' impression and opinion, and should not have been received. Denton v. State, 79 S. W.

Rep., 560; Barbee v. State, 97 S. W. Rep., 1058; Welsh v. State, 81 S. W. Rep., 50. In view of the controversy touching the truth of appellant's testimony in regard to the second interview of deceased with appellant's wife, we think the statement by the witness Buford to the appellant, after the first offensive conduct by the deceased and before the second act of like nature—which statement was to effect that appellant's right to act had been lost or waived by his failure to act at the time he first met deceased after receiving information—was admissible. The circumstance tended to show motive for the fabrication of the evidence of the second transaction of the deceased with appellant's wife.

There was no error in the effort made by the State to prove that the appellant's wife, with his knowledge, had been guilty of improper conduct with another person. Proof that appellant's wife had been guilty of specific acts of immoral conduct was not inadmissible, appellant having knowledge of the acts prior to the homicide, and seeking to mitigate his offense on the ground of insult by the deceased to his wife. Young v. State, 59 Texas Crim. App., 139; Richards v. State, 53 Texas Crim. App., 412.

The court, having given an unqualified charge upon the law of self-defense, was not required to instruct the jury upon the appellant's right to arm himself before seeking deceased for an interview. Williford v. State, 38 Texas Crim. App., 393.

On another trial the charge on circumstantial evidence should be omitted. The error of the court in refusing to submit to the jury the issue of fact whether the confession was voluntary requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*