A. Slocovich v. The State.

No. 6662. Decided February 15, 1922.

Intoxicating Liquor—Possession of Equipment—Repeal—Saving Clause.

Where there is no saving clause in the amendment to the Statute under which prosecution for the offense committed prior to the amendment may be maintained, the prosecution must be dismissed. Following Cox v. State, 90 Texas Crim. Rep., 256.

Appeal from the District Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of unlawfully possessing equipment for the manufacture of intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. L. Curtis & Winbourn Pearce*, for appellant. *R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful possession of equipment for the manufacture of intoxicating liquor.

This offense was denounced by Section 1, Chap. 78, of the Acts of the 36th Leg., 1st Called Session. That section of the Act was amended by the thirty-seventh Legislature 1st Called Session, Chap. 61. In the amendment, this offense was omitted. There is no saving clause under which prosecutions for offenses committed prior to the amendment may be maintained.

Article 16 of the Penal Code is imperative to the effect that the repeal of the law abates pending prosecutions. In several instances in cases of conviction under this law, we have found it necessary to reverse the judgment and order dismissal. That result must attend in this one. Cox v. State, 90 Texas Crim. Rep., 256, 234 S. W. Rep. 531.

*Reversed and dismissed.*