ANASTACIO S. HERRERA V. STATE.

No. 26,262.   March 11, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 29, 1953.

S. G. Garza, Edinburg, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of embezzlement, and his punishment was assessed at five years in the penitentiary.

Roy Lombard testified that he was engaged in business as a wholesale distributor of petroleum products at Weslaco. He conducted the business for himself and handled Texaco products as a consignee. He made sales for cash and credit.

Appellant was employed by Lombard to drive a truck to deliver petroleum products to farms, service stations and industrial accounts. Appellant was authorized to collect for deliveries as made and on credit accounts. One customer who was buying on credit was Y. Z. Ramos (Y. Z. Ramos Service Station). In view of the Ramos account being rather large, Mr. Lombard asked appellant why the account was in that condition. Appellant explained that Ramos was hard pressed and unable to pay.

An investigation of the Ramos account followed. This inves-

tigation developed that some of the money Ramos had been regularly paying to appellant upon said deliveries and account had not been turned in to Lombard by appellant.

The indictment alleges $127.34 was converted by appellant on or about March 12, 1952.

It was the state's theory under the testimony that appellant was spending money beyond his means, and the money alleged to have been converted was used for his personal wants.

Appellant testified on the trial and denied that he took or appropriated any of the money paid to him on said deliveries or accounts for his own use, and claimed that he turned all of it in to Lombard's office.

Appellant contends that there is a variance between the proof and the allegations in the indictment for the reason that the money in question is alleged to have belonged to Roy Lombard and he contends that its ownership was in the Texas Company.

This contention cannot be supported in view of the evidence and according to Art. 402, C.C.P., wherein it is stated that ownership of property may be alleged to be in the person having possession of the same. 16 Tex. Jur. 353, Sec. 22; Branch's Ann. P.C., Sec. 2596. Appellant's contention is not well-grounded as held by Judge Hawkins, on motion for rehearing, in Coney v. State, 100 Tex. Cr. R. 380, 272 S.W. 197:

"* * * There is nothing in the record showing that the Midco Petroleum Company had any part in the management or control of the property, or in the employment or directions of appellant. He looked solely to Aaronson for authority and was controlled by the latter's instructions; he received compensation from Aaronson to whom he reported. The fact that Aaronson may have ultimately been responsible to the Midco Petroleum Company for their share in the proceeds of the pipe, if it had ever come into his hands, does not, in our judgment, under the facts of this case, affect the question of the appellant being the agent of Aaronson."

Over appellant's objection, an alleged voluntary statement made by him while under arrest, in which he admitted his guilt, was introduced in evidence. Appellant complains of the admis-

sion in evidence of the written confession made by him for the reason that it was not a voluntary statement.

Appellant testified that after his arrest the officers promised to take him home if he would make a statement, and further that he had heard of people being beaten by the officers and he "did not want that," and for these reasons he made the statement. He further testified that he was not beat up, and was not threatened; he gave no evidence of any abuse when the statement was made. The evidence of the state denies any kind of improper influence inducing the making of the statement.

The court submitted to the jury a charge covering every phase claimed by appellant as a basis for the statement not being voluntary, and same was resolved against him, thus no error is shown.

Appellant contends that the court erred in overruling his verbal motion requesting that the court make a requisition of of the postmaster, and transmit same by wire to Washington for the purpose of obtaining authority to present in court certain records under the control of the Postmaster General of the United States. The testimony reveals that much time would have been required to present this request, and fails to show that same would receive favorable action. No diligence is shown to make this evidence available. What the absent testimony would be is not shown. No error is shown by the court's action in overruling said motion.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.