GARLAND FLAKE, JR., V. STATE.
No. 26,479. June 10, 1953.

No attorney for appellant of record on appeal.

*William H. Scott*, Criminal District Attorney, and *King C. Haynie*, Assistant Criminal District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is indecent exposure, as defined by Article 535c, Vernon's Ann. P. C.; the punishment, five years.

A young high school girl testified that on the way home from school she observed the appellant sitting on the sidewalk and leaning up against a building; that her companion called the appellant to her attention, and as she looked at him he first returned her glance and then looked down at the region of his private parts; that his pants were unbuttoned, and appellant was holding his penis in his hand. The witness testified that she became frightened and ran a block to a police car; that she got in the police car and went with the officer, who apprehended the appellant a short distance from where he had exposed himself to her.

Officer Jenkins testified that when he arrested appellant he found appellant's pants unbuttoned.

Appellant's confession was introduced in evidence, in which he stated that he had purposely gone to the vicinity in which he was arrested, because he knew that there was a school nearby and that young girls would be passing by at the close of school. He further confessed that he got sexually excited when he looked at young girls and that he had unbuttoned his pants and played with his penis and showed it to the girls.

Appellant, testifying in his own behalf, denied the truth of his confession and told the jury that he had sat down on the sidewalk in order to relieve his bladder and had done so. Appellant claimed that he had been physically mistreated by the officer who took his confession.

Officer Jenkins testified, in rebuttal, that he had examined the spot on the sidewalk where appellant was reported to have been sitting and found no sign of any water.

584

Officer Noe testified fully, on rebuttal, as to the voluntary nature of the confession, and there are no exceptions to the court's charge submitting the question to the jury.

We find the evidence sufficient to authorize the introduction of the confession and to support the conviction.

No error appearing, the judgment of the trial court is affirmed.