JIMMY DECKER V. STATE

No. 27,693. June 25, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

*Howze & Howze,* by *Murray J. Howze,* Monahans, for appellant.

*Jack Hightower*, District Attorney, Vernon, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, five years.

The evidence shows that the Triangle Creamery was burglarized, the safe forced open, and its contents taken.

Appellant's confession, introduced in evidence, recites that he and Hermon Whitley committed the burglary. The physical evidence found at and near the scene of the breaking corroborates the confession except that it indicates that three, not two, men participated in the burglary.

The defense was that of alibi, and the appellant contended that the confession was induced by promises that the appellant's brother would not be prosecuted for another offense and that the appellant would not be prosecuted for the offense of robbery in the State of New Mexico.

The jury resolved the issue of the voluntary nature of the appellant's confession against him, and we find the evidence sufficient to support the conviction.

Only two questions are brought forward for review. A more detailed description of the evidence will be developed as it bears upon these contentions. The first relates to a portion of the testimony of Leon Douglas, the district attorney who took appellant's and Whitley's confessions. He told the jury that he talked to the two accuseds about the Triangle job and then in their presence dictated the confessions, which they subsequently signed, to his secretary. We then find the following:

"Q. It is in your words and not theirs. A. That's right. They asked me to leave out something on part of the statement at that time, and I did, at their request."

Appellant contends that this case should be reversed because this answer was not responsive and conveyed to the jury the impression that the appellant was guilty of other offenses. Let us analyze such contention. The sheriff had testified that he found the tracks of three men at the scene. The district attorney testified that the appellant, Hermon Whitley, and Billy Shahan each had been indicted for the Triangle burglary. The confession

names only two burglars. We think that the logical deduction for the jury to have made from the above answer was that the appellant and Whitley had asked the prosecutor to leave out of the confession any mention of Shahan's participation in the offense. Further than this, we also observe that the appellant, while testifying in his own behalf, stated that he was on parole from the State of Louisiana for the offense of armed robbery, that he had brought stolen jewelry to Texas from New Mexico and given them to his brother, and that a ranger had promised him to see to it that his Texas sentence would run concurrently with the Louisiana parole and that he would not be prosecuted in New Mexico for the theft of the jewelry.

The second contention is that error is reflected by the testimony of Ranger Geer, who was called on rebuttal and who stated that when he first arrested the appellant he questioned him about the stolen rings and a gun which they found in the tourist cabin where the appellant had been staying. Appellant contends that this constituted proof of extraneous offenses.

As noted above, the appellant had already testified about the stolen rings. Certainly, the officer was authorized in view of the appellant's testimony to tell the jury why he arrested the appellant and about finding a gun in his possession at the time of his arrest.

Finding no reversible error, the judgment of the trial court is affirmed.