Jessie **FERNANDEZ**, also known as Jessie Fernandez, Jr., Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 5–345.

United States District Court
N. D. Texas,
Lubbock Division.
March 6, 1968.

**208**

J. Douglas McGuire, San Antonio, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Texas, Robert Darden, Asst. Atty. Gen., for respondent.

## OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This is a habeas corpus case presenting the question of whether a confession made by the petitioner and introduced against him at his state trial was accorded a determination of voluntariness as prescribed by the Supreme Court in Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. This court is of the opinion that the procedure followed by the trial judge did not ade-

quately resolve the issue of voluntariness.

In 1961, Jessie Fernandez was convicted of murder with malice in the district court in Crosby County, Texas. His appeal of that conviction was affirmed by the Texas Appeals Court. Fernandez v. State, 172 Tex.Cr.R. 68, 353 S.W.2d 434.

In the course of petitioner's trial the state introduced his written confession to the offense. Defense counsel objected to the introduction of the confession on the ground that it was involuntary, whereupon the trial court retired the jury. The sheriff of Crosby County, who was on the witness stand at this time, testified to the facts surrounding the making of the confession by Fernandez. Petitioner then testified to his version of these facts. At the conclusion of petitioner's testimony the trial court stated, "I'm going to overrule the objection and admit the statement, *if the proper predicate has been laid* and I don't remember whether it has or not." [1] The jury returned, the sheriff resumed his testimony and the facts surrounding the confession were developed for the benefit of the jury. The petitioner testified on his own behalf.

The trial court then charged the jury as follows:

Although you may find and believe from the evidence that a written statement was made by the defendant and signed by him, yet, if you find and believe from the evidence, or have a reasonable doubt that he was forced or induced to make or sign said statement by reason of any threats, coercion, persuasion or by promise of immunity, or any other improper influence, on the part of the witness, A. C. Ratheal, or any other person, then, you will wholly disregard the written

---

[1]. Defense counsel then made a formal bill of exception to this ruling of the court which states in part, " * * * the state introduced the confession of the defendant * * * which confession and statement was objected to by the defend-

ant at the time it was offered, upon the following grounds, to wit: Because it was made through compulsion, coercion, duress, and on the promise of help and was obtained by threats * * *." The bill was signed by the trial judge.

statement, if any, and not consider it for any purpose whatsoever.

In 1965, subsequent to the decision in Jackson v. Denno, supra, Fernandez filed a writ of habeas corpus in the Texas Court of Criminal Appeals alleging that he was deprived a determination of the voluntariness of his confession in accordance with the dictates of that case. The appeals court directed the trial court to "certify whether or not at the time of petitioner's trial he found petitioner's confession to have been voluntarily made." In response to this order the trial court submitted that,

> As will be noted by the reading of the Statement of Facts in relation to [the voluntary nature of the confession] there was no specific statement by the Court with reference to whether or not the petitioner's confession was voluntarily made, but I do hereby certify that after hearing the evidence presented in relation to the confession, out of the presence of the jury that it was my belief that said confession was voluntary and it was admitted into evidence as a result of my opinion.

Upon receipt of this certification from the trial court, the Court of Criminal Appeals denied the writ of habeas corpus without written opinion.

While the trial judge's statement at the time he admitted the confession appears to address itself to the objection that the confession was involuntary, an understanding of the nature of the procedure followed by the Texas courts prior to Jackson v. Denno for determining the admissibility of a confession contested as involuntary dispels the apparent relevancy of the court's ruling to the issue of involuntariness. The Texas procedure was in fact identical to that followed by the New York courts prior to *Jackson,* but was so commingled with a homespun rule on *admissibility* of confessions that the ruling by the trial court on this latter issue appeared to be a ruling on the question of *voluntariness.* The Texas Court of Criminal Appeals, prior to Jackson v. Denno, had not defined the Texas procedure in terms of its relation to procedures followed in other jurisdictions and had no occasion to distinguish the two rules in their application to any one trial. Consequently, federal courts in Texas have been inconsistent in their efforts to define the practice followed by the Texas courts in assessing the question of voluntariness as it existed prior to Jackson v. Denno.

In Burns v. Beto, 5 Cir. 1966, 371 F.2d 598, 603, it was observed that Texas followed the New York rule. In Smith v. State of Texas, S.D.Tex.1965, 236 F. Supp. 857, the district court stated that,

> Texas Courts have had no occasion to categorize or label its procedure for determining the voluntariness of a confession. It would appear that the Wigmore or Orthodox procedure is not used or recognized in Texas. Without labeling the Texas procedure as the equivalent of either the New York or Massachusetts procedures (as such are labeled in Jackson), an examination of the pertinent Texas cases reveals that it is within the discretion of the trial judge to determine which of these two procedures he will follow." 236 F.Supp. at 861.

Smith was followed by the Fifth Circuit in Hackathorn v. Decker, 1966, 369 F.2d 150, and the same rationale is evident in the district court's opinion in Crow v. Beto, S.D.Tex.1964, 237 F.Supp. 19.

In deference to by brethren who authored the opinions in *Smith* and *Crow* this Court is compelled to conclude that for more than 65 years prior to *Jackson* the Texas courts employed a procedure identical to that employed by the New York courts. Texas' homespun rule on admissibility of confessions has caused misinterpretation of this procedure.

Texas was the only state which, prior to the decision of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, had enacted a statute which prescribed that before a written confession which was made by an accused while he was under arrest could

be used against him in a criminal prosecution it was incumbent upon the prosecution to establish that the accused had been warned, prior to making the confession, that he did not have to make a statement and that any statement made by him could be used in evidence against him. Article 727,[2] Texas Code of Criminal Procedure, (1925), 4 Vernon's Ann. C.C.P. art. 38.22, p. 486 (1965). Proof that the warnings had been given was a necessary predicate for the admissibility of any written confession and a failure of such proof rendered the confession inadmissible as a matter of law. Brown v. State, 55 Tex.Cr.R. 572, 118 S.W. 139 (1909); Brown v. State, 71 Tex.Cr.R. 45, 158 S.W. 533 (1913); Chism v. State, 71 Tex.Cr.R. 389, 159 S.W. 1185 (1913); Prata v. State, 76 Tex.Cr.R. 60, 172 S.W. 974 (1915); Hanus v. State, 104 Tex.Cr. R. 543, 286 S.W. 218 (1926). It was incumbent upon the trial court to rule on this question of law before admitting the confession. Collins v. State, 57 Tex.Cr. R. 410, 123 S.W. 582 (1909); Rains v. State, 33 Tex.Cr.R. 294, 26 S.W. 398 (1894); White v. State, Tex.Cr.App., 38 S.W. 169 (1896); Carlisle v. State, 37 Tex.Cr.R. 108, 38 S.W. 991 (1897); Fowler v. State, 71 Tex.Cr.R. 1, 158 S.W. 1117 (1913). When a disputed issue of fact arose as to whether the warning was given or whether the warning given was adequate, it was proper for the court to overrule the objection to the admissibility of the confession and submit the issue to the jury for their determination. Cantu v. State, 141 Tex.Cr.R. 99, 135 S. W.2d 705 (1940), cert. den. 312 U.S. 689, 61 S.Ct. 617, 85 L.Ed. 1126; Reese v. State, 142 Tex.Cr.R. 254, 151 S.W.2d 828 (1941); Ward v. State, 144 Tex.Cr.R. 444, 158 S.W.2d 516 (1941), rev. on other grounds, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663.

Hence, in those cases in which a confession was offered in evidence and was contested as involuntary, the trial court ruled on the admissibility of the confession as heretofore discussed, but such ruling was inapposite to the issue of voluntariness.

In *Jackson,* the Supreme Court found inadequate the New York procedure for determining the voluntariness of a confession whereby the trial court did not resolve disputes in the evidence on the issue of voluntariness, but submitted the issue to the jury to decide at the same time they passed on the guilt or innocence of the accused. The only instance in which the trial judge was required to exclude the confession was when the evidence was uncontroverted that it was involuntary. The Supreme Court then approved the Wigmore and Massachusetts procedures. Under the Wigmore method the trial court is the sole assessor of the voluntary nature of the confession. Under the Massachusetts procedure, the trial court passes on the issue of voluntariness and admits the confession only after resolving disputes in the evidence and determining that the confession was voluntary. Nonetheless, the court thereafter submits the voluntariness issue to the jury and instructs them to disregard the confession if they find it involuntary.

The Texas procedure for admitting the confession contested as involuntary apparently developed independently of the New York rule although essentially the same.[3] The rule finds its genesis in the early case of Morris v. State, 39 Tex.Cr. R. 371, 46 S.W. 253 (1898), wherein the Court of Criminal Appeals stated,

> There being an issue on [the admissibility of the confession], sharp and decisive, as to whether or not the confessions were voluntarily made after proper caution, the court was correct in submitting such issue to the jury. In this state of the case, *the court would not be justified in solving this*

---

2. This statute was enacted in 1856.

3. No reference is made in the early Texas cases to the New York procedure and the case in which the Texas practice was espoused cites no authorities from other jurisdictions. Morris v. State, 39 Tex. Cr.R. 371, 46 S.W. 253 (1898).

*question of fact for or against either party.* (Italics added.)

46 S.W. at 256. That the court considered a disputed issue on voluntariness a question of fact, solely within the province of the jury, was made clear when it went on to say,

Appellant contends that, if there is a doubt as to the sufficiency of the predicate, the court must resolve that doubt in favor of the defendant and exclude the confessions. Suppose the court * * * should not believe * * that the confessions were extorted by threats, fear, or violence * * * [H]aving solved the doubt adversely to the defendant, would this court be authorized to review the matter? If appellant's contention is correct, we think the revisory power of this court could not be exercised, for the trial court in such cases having settled the doubt, that conclusion could not be revised on appeal. The absolute injury accruing to a party accused of crime, under this proposition, is too potent for discussion.

46 S.W. at 256. The *Morris* court specifically disavowed the allocation of authority to the trial judge which Jackson

v. Denno was to require some 66 years later.

*Morris* was cited as controlling and followed.[4] In later years the origin of the rule became lost in the wake of its progeny as the procedure became firmly entrenched in the Texas law.[5] By the year 1960, the court in Holmes v. State, 169 Tex.Cr.R. 343, 333 S.W.2d 842 (1960), found it unnecessary to cite authority in approving the action of the trial court:

[H]aving heard the testimony on the question [of voluntariness] in the jury's absence, the trial judge held that there was a disputed fact issue; that the objection to the admission of the confession would be overruled and the issue of fact would be for the jury. 333 S.W.2d at 843–844.

As the *Morris* case would indicate, the procedure was otherwise when the evidence was undisputed that the confession was involuntary. When an objection was interposed to the admissibility of the confession on the ground that it was involuntary it was incumbent upon the trial court to retire the jury and hear the evidence thereon.[6] If the evidence was uncontradicted that the confession was ob-

4. Bozeman v. State, 85 Tex.Cr.R. 653, 215 S.W. 319 (1919); Slocovich v. State, 91 Tex.Cr.R. 126, 237 S.W. 557 (1922); Boxley v. State, 100 Tex.Cr.R. 334, 273 S.W. 589 (1925); Silva v. State, 102 Tex.Cr.R. 415, 278 S.W. 216 (1925); Hanus v. State, 104 Tex.Cr.R. 543, 286 S.W. 218 (1926); Stewart v. State, 124 Tex.Cr.R. 632, 64 S.W.2d 782 (1933). But see Hamlin v. State, Tex., 39 Cr.R. 579, 47 S.W. 656 (1898) decided only 6 months after *Morris* in which the court ignored the holding in *Morris* and likened the Texas procedure to that of *Massachusetts'*. 47 S.W. at 660. *Hamlin* was, however, never to be relied upon for its statement of procedural policy.

5. Newman v. State, 148 Tex.Cr.R. 645, 187 S.W.2d 559 (1945); Holt v. State, 151 Tex.Cr.R. 399, 208 S.W.2d 643 (1948); Prince v. State, 155 Tex.Cr.R. 108, 231 S.W.2d 419 (1950); Sanchez v. State, 155 Tex.Cr.R. 364, 235 S.W.2d 149 (1951); Herrera v. State, 158 Tex.Cr. R. 505, 256 S.W.2d 851 (1953); Flake

v. State, 158 Tex.Cr.R. 582, 258 S.W.2d 797 (1953); Petrey v. State, 158 Tex.Cr. R. 658, 258 S.W.2d 808 (1953); McCutcheon v. State, 159 Tex.Cr.R. 61, 261 S.W. 2d 329 (1953); Nixon v. State, 159 Tex. Cr.R. 548, 266 S.W.2d 150 (1954); Decker v. State, 162 Tex.Cr.R. 97, 282 S.W. 2d 234 (1955); Newton v. State, 162 Tex.Cr.R. 519, 287 S.W.2d 179 (1956); White v. State, 163 Tex.Cr.R. 77, 289 S.W.2d 279 (1956); Scanlin v. State, 165 Tex.Cr.R. 183, 305 S.W.2d 357 (1957); Louvier v. State, 165 Tex.Cr.R. 167, 305 S.W.2d 574 (1957); Melendez v. State, 166 Tex.Cr.R. 391, 314 S.W.2d 104, (1958); Smith v. State, 166 Tex.Cr.R. 575, 317 S.W.2d 60 (1958); Uresti v. State, 167 Tex.Cr.R. 189, 319 S.W.2d 340 (1959); Mendez v. State, 168 Tex.Cr.R. 315, 327 S.W.2d 454 (1959); Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W. 2d 761 (1962); Botello v. State, 172 Tex.Cr.R. 634, 362 S.W.2d 318 (1962).

6. See footnotes 4 and 5, supra.

tained by force, threat, coercion, duress or promise, the court was obliged to hold the confession inadmissible *as a matter of law.* Williams v. State, 88 Tex.Cr.R. 87, 225 S.W. 177 (1920); Blackshear v. State, 130 Tex.Cr.R. 557, 95 S.W.2d 960 (1936); Abston v. State, Tex.Cr.App., 102 S.W.2d 428 (1937); Holt v. State, 151 Tex.Cr.R. 399, 208 S.W.2d 643 (1948); McHenry v. State, 163 Tex.Cr. R. 436, 293 S.W.2d 773 (1956); Williams v. State, 164 Tex.Cr.R. 347, 298 S.W.2d 590, cert. den. 355 U.S. 850, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957); Patrick v. State, 164 Tex.Cr.R. 427, 299 S.W.2d 302 (1957); Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761 (1962).

The court distinguished the two procedures in Williams v. State, 88 Tex.Cr. R. 87, 225 S.W. 177, 179 (1920):

> When proof that the confession was voluntary is essential to admit it in evidence, and the testimony is conflicting upon that issue, it is the practice to submit it to the jury for solution. * * * When, however, as to such confession, the evidence shows without conflict that it came about from coercion upon the part of the officers in charge of the prisoner, the court should exclude it. In the instant case, the evidence is without conflict to the effect that * * * [appellant's] admission [to the crime] was [made] while he was under the lash * * * [T]he admission of the written confession was improper,

and in Blackshear v. State, 130 Tex.Cr.R. 557, 95 S.W.2d 960 (1936), the court stated,

> We are also of the opinion that it was shown beyond dispute that the confession was made under the influence of

fear * * * It is therefore our conclusion that there was no issue for the jury as the uncontroverted evidence conclusively established that the confession was involuntary. 95 S.W.2d at 961.

While the admissibility of a confession has been traditionally recognized as a question of law for the trial court,[7] the Texas cases distinguish the admissibility thereof as a question of law for the trial court if the evidence is undisputed, Williams v. State, 88 Tex.Cr.R. 87, 225 S.W. 177 (1920); Blackshear v. State, 130 Tex.Cr.R. 557, 95 S.W.2d 960 (1936); Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761 (1962), and as a question of fact for the jury if the evidence is disputed. Morris v. State, supra. As observed by the Texas court in Ritchie v. State, 164 Tex.Cr.R. 38, 296 S.W. 2d 551 (1956),

> There being no uncontroverted testimony which rendered the confession inadmissible as a matter of law, the court properly admitted the same in evidence with appropriate instructions to the jury * * *. 296 S.W.2d at 554.

The only instances in which the trial court was permitted to resolve disputes in the evidence relating to the confession was when such dispute arose concerning the admissibility as a matter of law in regard to compliance with the Texas statutes, supra, Article 727, C.C.P. (1925). Bingham v. State, 97 Tex.Cr.R. 594, 262 S.W. 747 (1924), (was the defendant under arrest when he made the confession); Wheatley v. State, 117 Tex.Cr.R. 599, 34 S.W.2d 876 (1931), (was the promise of leniency made to the defendant by a "person in authority").[8]

---

7. 3 Wigmore § 861, 3rd Ed., (1940).

8. But see Hackathorn v. Decker, 5 Cir. 1966, 369 F.2d 150, where the Fifth Circuit relying on *Wheatley* concluded that Texas had no established procedure for determining the admissibility of confessions when the issue of voluntariness was raised and apparently proceeded to determine whether or not the state trial court in that case had acted in accord-

ance with Jackson v. Denno in resolving the issue of voluntariness. The court's opinion does not, however, reflect that the issue of voluntariness was ever passed on by the trial court. As stated by the Fifth Circuit, "the main thrust of appellant's argument against the validity of the confessions was directed at his mental capacity at the time he gave them * * *." 369 F.2d at 156. The quoted portions of the trial court's in-

It therefore evolved that in all cases in which the voluntariness of a written confession was in issue the trial court passed on its admissibility in regard to compliance with the state statute and on whether the evidence was controverted on the voluntariness question. If the court found the statutory warning to have been given (confession given in accordance with the statute), but also observed the evidence on voluntariness to be in conflict, he overruled the objection but did not in fact pass on the issue of voluntariness. Similarly, the evidence could be conflicting on both issues whereupon the judge would overrule the objection without making any determination and leave both questions to the jury. The judge was not, however, permitted to resolve disputes in the evidence on the issue of voluntariness.[9]

The action of the trial court in petitioner's case, as reflected by his comments in the statement of facts was in accord with the foregoing statement of the Texas law. In admitting the confession the judge stated,

> I'm going to overrule the objection and admit the statement, *if the proper predicate has been laid* and—I don't remember whether it has or not.

Herein the trial court passed on the admissibility of the confession as a matter of law, and not remembering whether the statute had been complied with[10] and

finding no undisputed evidence which would render the confession inadmissible as a matter of law,[11] admitted the confession and submitted the questions of voluntariness and whether petitioner had been warned to the jury. The court made no resolution of fact as to the dispute on the voluntariness issue.

Were the statement of facts of petitioner's trial the only evidence before this court it would be necessary to conclude that the procedure followed in this trial was not

> fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including a resolution of disputed facts upon which the voluntariness issue [depended].

Jackson v. Denno, 378 U.S. 368, 391, 84 S.Ct. 1774, 1788, 12 L.Ed.2d 908.

However, upon petitioner's filing his writ of habeas corpus in the Texas courts, the judge who presided at petitioner's trial certified to the Court of Criminal Appeals that,

> It was my belief that said confession was voluntary and it was admitted into evidence as a result of my opinion.

Petitioner vociferously objects to this court giving any consideration to the nunc pro tunc finding of voluntariness by the state judge. It is not, however, necessary to reach this question.

---

structions to the jury do not reflect that they were charged on voluntariness.

**9.** But see Lopez v. State, Tex.Cr.App., 384 S.W.2d 345 (1965), on remand from Lopez v. State of Texas, 1965, 378 U.S. 567, 84 S.Ct. 1924, 12 L.Ed.2d 1038, reh. den. 379 U.S. 873, 85 S.Ct. 21, 13 L.Ed.2d 80, vacating per curiam in light of Jackson v. Denno, Lopez v. State, Tex.Cr.App., 366 S.W.2d 587 (1964), wherein the concurring opinion made the following retrospective assessment of the Texas procedure prior to Jackson v. Denno:

> The Texas procedure followed in appellant's trial is similar to the New York rule in that the trial judge *is not bound* to resolve conflicting evidence bearing on the voluntariness of the confession before he admits it in evidence to the jury. [Italics in the original.]

384 S.W.2d at 349. This observation would give to the trial court a permissiveness which Morris v. State and the cases which followed it deny.

**10.** The sheriff who took petitioner's confession testified that "We advised him that if he made any statement it could be used in evidence against him and that he didn't have to make any statement at all unless he chose."

**11.** Fernandez repudiated his confession, denied that he was given the warnings required, and stated that he was denied a drink of water until he confessed and told that he would be sent to the electric chair if he did not confess. The sheriff denied that petitioner was deprived of water or that he was threatened.

In Boles v. Stevenson, 1964, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109, the Supreme Court, in a per curiam opinion, held that under the Jackson v. Denno doctrine, a new hearing on the issue of the voluntariness of a confession was necessary because the record was unclear as to whether the trial judge decided voluntariness, and, "if he did, *what* standard was relied upon." 379 U.S. 45, 85 S.Ct. 176, 13 L.Ed.2d 111. Following Boles, United States v. Inman, 4 Cir. 1965, 352 F.2d 954, 956, held that the trial judge must apply the standard of "reasonable doubt" in assessing the voluntariness of the confession. Taking issue with the Fourth Circuit in Clifton v. United States, 1966, 125 U.S.App.D.C. 257, 371 F.2d 354, cert. den. 386 U.S. 995, 87 S.Ct. 1312, 18 L.Ed.2d 341, the District of Columbia Appeals Court concluded, after discussion of the problem, that the trial judge was required to do no more than determine voluntariness "on conventional admissibility criteria." 371 F.2d at 359. The court's rationale appears to have found its course from the following language:

> We think Mr. Justice Black [dissenting in Jackson v. Denno] was correct in suggesting that to vest this essentially fact finding function in the judge would constitute a "downgrading of trial by jury", * * * We are not persuaded that it is more logical or reasonable that a confession, alone among all the myriad of evidentiary material be singled out for a unique standard of appraisal * * * Under the Massachusetts procedure we see no basis for a special and unique "admissibility" standard which places the judge in the temporary role of a "juror" denigrating the historic fact finding role of jurors.

371 F.2d at 358. Judge Leventhal concurred in the result in *Clifton* but advocated the application of the reasonable doubt standard.

An assiduous reading of Jackson v. Denno leads this court to conclude that United States v. Inman sets forth the better rule.

The principal concern of the *Jackson* court was with the defendant's "right to be free of a conviction based upon a coerced confession". 378 U.S. at 377, 84 S.Ct. at 1781, 12 L.Ed.2d at 916. Condemned was the vice of the New York procedure which did not "produce any definite, open and separate decision of the confession issue." 378 U.S. at 380, 84 S.Ct. at 1782, 12 L.Ed.2d at 917.

The language of the court critical to the issue in the instant case is the following:

> Under the New York procedure, the evidence given the jury inevitably injects irrelevant and impermissible considerations of truthfulness of the confession into the assessment of voluntariness. Indeed the jury is told to determine the truthfulness of the confession in assessing its probative value. As a consequence, it cannot be assumed, as the Stein Court assumed, that the jury reliably found the facts against the accused. * * * The admixture of reliability and voluntariness in the considerations of the jury would itself entitle the defendant to further proceedings in any case in which the essential facts are disputed, for we cannot determine how the jury resolved these issues and will not assume that they were reliably and properly resolved against the accused. And it is only a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant and which would permit the jury to consider the confession in adjudication of guilt or innocence.[12] * * * It is difficult, if not impossible to prove that a confession which a jury has found to be involuntary has nevertheless influenced the verdict or that its finding of voluntariness, if this is the course it took, was affected by the other evidence showing the confession was true. But the New York procedure poses substantial threats to

---

12. The jury in Fernandez' trial was charged to assess the credibility of the confession.

a defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined. 378 U.S. at 386, 389, 84 S.Ct. at 1786, 1787, 12 L.Ed.2d at 921–923.

For centuries our jurisprudence has cherished the jury system and has placed great faith therein. Judges would be the last persons to abdicate the function of the jury in favor of one trier of fact. The court in Clifton v. United States would view placing the reasonable doubt standard in the hands of the trial judge as a deprivation of that system. This approach does not, however, give due consideration to the reality of the deprivation of the right against self-incrimination which results from the admixture of voluntariness and reliability in the jury room.

■ If the trial judge is not obligated to find the confession voluntary beyond a reasonable doubt, there will never be such a determination. As seen in Jackson v. Denno, the jury cannot be entrusted with such a finding. And, when a confession issue reaches the Supreme Court, or any appellate court, no such finding on the disputed facts will be forthcoming. As stated in Lisenba v. People of State of California, 1941, 314 U.S. 219, 239, 62 S.Ct. 280, 291, 86 L.Ed. 166, 181.

> In view of the conflicting testimony, we are unable to say that the finding below [by both judge and jury] was erroneous so far as concerns the petitioner's claims of· physical violence, threats or implied promises of leniency.

Indeed, the appellate courts are empowered to pass only on the uncontradicted facts. Gallegos v. State of Colorado, 1962, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325; Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed. 2d 1037; Haynes v. State of Washington, 1963, 373 U.S. 503, 83 S.Ct. 1336, 10 L. Ed.2d 513, and cases cited therein.

Jackson is implicit in its pronouncement that on the factually disputed issue of voluntariness of a confesion a criminal defendant is entitled to a "reliable resolution" of the conflict. The end to which *Jackson* directs itself is the preservation of fundamental rights; not only the right against self-incrimination but the right of a jury whose assessment of guilt has not been infected by the fruits of a violation of the former right. And while Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882, holding Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, non-retrospective is authority for the fact that the preservation of the rules enumerated in *Miranda* is necessary as a proscription on unlawful police conduct and not the preservation of a right which innures to the fundamental fairness of the trial itself, see, Gideon v. Wainwright, 1963, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the due process proscription on coerced confessions has, since Chambers v. State of Florida, 1940, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716, been recognized as fundamental and going to the essence of the fact-finding process.[13]

■ To reliably insure that the fact-finding process is not perverted by the consideration by the jury of an admission of guilt made by the defendant which is not the product of his free will, it is necessary for the independent assessor of voluntariness under Jackson v. Denno to find the confession voluntary beyond a reasonable doubt.[14] As a con-

---

13. See also, Lisenba v. People of State of California, 1941, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Rochin v. People of California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183; Spano v. People of State of New York, 1959, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265; Black- burn v. State of Alabama, 1960, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242; Rogers v. Richmond, 1961, 365 U.S. 534, 81 S. Ct. 735, 5 L.Ed.2d 760.

14. No attempt is herein made to delineate the quantum of proof by which the independent fact finder must assess the

fession, by the very definition of the term, establishes guilt beyond a reasonable doubt, permitting its voluntariness to be judged by a lesser standard than that applied to the issue of guilt would sanction conviction by any such standard less than reasonable doubt.[15]

Objection may well be made to the apparent application of the reasonable doubt standard to the protection against encroachment of the due process proscription on the use of involuntary confessions. But the reasonable doubt standard as applied herein is directed at the preservation of the integrity of the fact-finding process in criminal jury trials. For no other violation of a constitutional right can cause the damage to the essential fairness of a finding of guilt beyond a reasonable doubt than that which may be caused by the admission into evidence of an involuntary confession. Albeit, the end result may be deemed the protection of a constitutional right, when the fact-finding process is charged with determining the existence of a violation of that right under circumstances which afford the corruption of the process itself, such determination must be undertaken by a standard calculated to preserve the fundamental fairness of the process itself.

■ From the certification by the state trial judge, this court is unable to determine whether the judge assessed the voluntariness of the confession in terms of its truthfulness or in terms of whether Fernandez' will had not been overborne. Boles v. Stevenson, 1964, 379 U.S.

43, 85 S.Ct. 174, 13 L.Ed.2d 109. And if the judge in fact applied the latter standard there is no showing of whether he found the confession voluntary beyond a reasonable doubt or whether he found it voluntary by some lesser standard.

The writ of habeas corpus will issue. The state will be given 60 days within which to give Fernandez a hearing on the issue of voluntariness in accordance with this opinion or a new trial, failing which Fernandez shall be discharged.

Order Accordingly.

---

admissibility of a confession challenged as obtained in violation of the rules set forth in Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

15. The rule in the Texas and federal courts that an uncorroborated confession is insufficient to convict, Kincaid v. State, 131 Tex.Cr.R. 101, 97 S.W.2d 175 (1936); Patterson v. State, 140 Cr.R. 661, 146 S.W.2d 993 (1941); Ruff v. State, 157 Cr.R. 514, 249 S.W.2d 922 (1952); Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Smith v.

United States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192, has no bearing on the issue at hand for that rule goes solely to the question of truth or falsity of the confession. The rule does not become active until after the confession is admitted and does not have the effect of excluding the confession from the jury's consideration. The only benefit which can accrue to the defendant therefrom is a judgment of acquittal or an instructed verdict. Moreover, the issue of voluntariness is wholly unconcerned with the existence of evidence to corroborate the confession.