## C. W. WILLIAMS v. STATE.

No. 24554. January 11, 1950.

*Forrester Hancock,* of Waxahachie, for appellant.

*Stuart B. Lumpkins,* County Attorney, Waxahachie, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder; the punishment, ten years in the penitentiary.

This case grows out of the same transaction as Williams v. State, 153 Tex. Cr. R. 627, 224 S. W. 2d 478.

Deceased was the father of appellant. Approximately one hundred wounds were inflicted upon his body by the joint and combined attack of appellant, who used an ice pick, and his two brothers and a sister.

Self-defense from actual apparent attack and threats, and abuse and mistreatment of the mother of appellant by the deceased were the defensive issues.

A witness to the killing, as well as other witnesses arriving soon thereafter, testified as to the bloody condition of the body, the bed and bedclothes, and to the blood-spattered condition of the walls of the room.

To this testimony appellant objected as being irrelevant, immaterial, and highly inflammatory. It is his position that such description was inadmissible under the rule which prohibits the introduction in evidence of bloody clothing of the deceased when not material to any issue in the case. 18 Tex. Jur., p. 339, Sec. 210.

The rule mentioned is founded upon the proposition that the exhibition to the jury of the bloody articles has a tendency to inflame the minds of the jury. It is the demonstrative evidence or evidence which consists of the actual display of material articles that the rule contemplates, as distinguished from evidence consisting only of a narration of facts.

Here, none of the bloody articles were introduced in evidence or exhibited to the jury. To the contrary, the evidence consisted only of the narration by the witnesses as to what they saw.

So far as we have been able to ascertain, the bloody-cloth-

ing rule has not been extended to cover narrated facts, such as here presented. We are unwilling to now so extend that rule. Ordinarily, the physical facts and circumstances surrounding a killing are admissible in evidence as tending to throw light on the transaction and to reveal its nature. Bennett v. State, 95 Tex. Cr. Rep. 70, 252 S. W. 790. Moreover, it is a matter of common knowledge, and the jury must certainly have known, that much blood would flow from a killing under the circumstances here shown.

Appellant objected to argument of state's counsel wherein the killing was referred to as "a brutal—a savage killing; an assassination" as being inflammatory and prejudicial.

The trial court instructed the jury to disregard the argument wherein the killing was referred to as an assassination.

We think state's counsel was within his rights in referring to the killing as savage and brutal, for such was a legitimate deduction from the state's testimony.

The ten-year punishment assessed for the killing does not reflect that the appellant was prejudiced before the jury by reference to the killing as an assassination, notwithstanding its prompt withdrawal by the trial court.

No reversible error appearing, the judgment is affirmed.