OREN EDWARD NEWTON V. STATE

No. 27,897. January 18, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) March 7, 1956.

*Martin & Shown,* Houston, for appellant.

*Don Walton,* District Attorney, *Eugene Brady, Thomas D.*

520

*White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, 7 years.

Our original opinion is withdrawn, and the following substituted in lieu thereof.

The injured party testified that he left his automobile unattended on the streets of Houston while he transacted some business, and upon his return he saw the appellant snatch a bag containing $417.00 out of his automobile and run. He gave chase and overtook the thief as he entered another automobile, but he was unable to halt the thief who drove away.

Two office workers heard the commotion, took down the license number of the fleeing automobile, and reported the same to the police.

Appellant's confession was introduced in evidence.

Appellant did not testify but offered his wife, who was arrested with him, as a witness. She testified that she had been present when the appellant confessed and that the officers had told the appellant they would release his wife if he confessed and that if he did not confess the probation department would take their children away from them.

All the officers involved in the interrogation of the appellant were called in rebuttal and testified that no threats or inducements were made to the appellant to get him to confess. The court submitted this conflict in the evidence as to the voluntary nature of appellant's confession to the jury in his charge. There were no undisputed facts which would render the confession inadmissible, and the court did not err in admitting it and having the jury to pass upon the issue.

We find the evidence sufficient to support the conviction.

Appellant's one bill of exception relates to the refusal of the trial court to require the prosecutor to disclose the names of the witnesses not endorsed on the indictment whom the state intended to call.

The bill further recites that the name of John Tooke was not endorsed on the indictment and that when he was tendered as a witness by the state the appellant objected to his being called and asked he court's permission to withdraw his announcement of ready and continue the case.

The controlling statute is Article 392, V.A.C.C.P., which reads as follows:

"The attorney representing the State shall prepare all indictments which have been found, with as little delay as possible, and deliver them to the foreman, who shall sign the same officially, and said attorney shall indorse thereon the names of the witnesses upon whose testimony the same was found."

A review of the authorities will disclose that this court has universally held that this statute is directory and not mandatory. See Branch's Ann. P. C., Sec. 514, p. 265.

There is an entire absence of any showing that the witness Tooke had testified before the grand jury which returned this indictment. He testified that he had sold the appellant the automobile which he was driving on the day in question. The ownership of the automobile was not a controverted issue at the trial. As will be seen from the statement of the case, the only issue raised by the evidence was whether the appellant's confession had been prompted by threats and inducements.

We have concluded that the appellant has failed to show that he was injured by the action of the court complained of in this bill of exception.

Finding no reversible error, the judgment of the trial court is affirmed.