(No. 36066.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR BRAVIERI, Plaintiff in Error.

*Opinion filed January 20, 1961.—Rehearing denied March 27, 1961.*

McCoy, Ming & Leighton, of Chicago, (George N. Leighton, and Charles P. Rippey, of counsel,) for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and Edward J. Hladis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

This writ of error seeks a reversal of a judgment entered in the criminal court of Cook County in December, 1954, wherein defendant Arthur Bravieri was sentenced to serve a term of his natural life in the Illinois penitentiary on a jury's finding of guilty on a burglary charge. Jointly tried with defendant was Angelo Boscarino who was also found guilty and was given a sentence of one to two years in the Illinois penitentiary. There was one count in the indictment charging Bravieri with being an habitual criminal, he having been found guilty of armed robbery in 1947, and served a sentence to the Illinois penitentiary as a result thereof. This factor explains the severe penalty imposed on defendant Bravieri who alone seeks review here, Boscarino having already served his sentence.

Defendant's counsel argues that the life sentence is too severe under the circumstances of this case; that the evidence adduced on the trial fails to connect defendant with the commission of the burglary charged; and finally that the trial court erred in depriving Bravieri of the opportunity

of interrogating the jury on the *voir dire* examination on whether any of them would be prejudiced against him when they learned that he had previously been convicted of a felony.

Thirteen witnesses appeared on behalf of the prosecution. The uncontradicted proof reveals the following facts: At about 5 A.M. on October 30, 1953, there was a burglary in progess in the city of Chicago at 6105 West Diversey Avenue; a radio alarm caused four police squads to converge upon the scene about the same time. The eight officers surrounded the premises and found two men, Bravieri and Boscarino, on the roof of the one story building being burglarized. The Diversey Liquor Corporation conducted a retail liquor store in the burglarized building. Their officers and employees testified that on the evening of October 29 they had closed the business, locking all doors and setting the burglary alarm; that on the morning of October 30 an inspection of the premises disclosed that there was a hole in the ceiling 1½ feet wide and 2 feet long, and that about 35 feet from this opening there was a hole in the roof of the same dimension; that it would require about ten minutes to crawl from the hole in the false ceiling to the hole in the roof; the combination and handles on the safe were both knocked off, leaving chisel and punch marks; the conduit containing the wiring connecting the burglar alarm had been severed; that the inventory revealed the loss of about ten cases of intoxicating liquor weighing between 26 and 36 pounds each; there was missing from the cash register about $18 in currency and change. The stolen liquor was never found although defendant's home was searched immediately without a search warrant. In the hole on the roof was found a shoe which did not belong to the store, nor was it connected with either defendant. On the roof there was found a pinch bar, punch, a flashlight, a sledge hammer, a pair of gloves and radio which was not the property of the Diversey Liquor Corporation.

Bravieri and Boscarino were searched and on their persons was found only a small amount of change. The proof was conflicting as to whether their faces, hands and clothing were unduly dirty and soiled. It is argued that if these men had crawled the 35 feet between the holes in the false ceiling and the roof, they would have been covered with cobwebs and dirt.

Unbelievably strange and incredible is Bravieri's explanation of his presence at the scene of the burglary. With his car parked more than a block down the street he said he was behind the liquor store at 6105 West Diversey, attending to a call of nature when he heard the sirens of the police cars and was so terrified that he sought refuge on the roof of the building.

Another circumstance is significantly incriminating. Bravieri realized that his road to freedom was going to be difficult because of his record as a felon. Soon after his arrest he paid one of the arresting officers $200 to handle his case favorably. Later he paid the same officer $300 and still later gave him a case of whiskey. On another occasion Bravieri paid $1,000 to a person who promised him assistance.

The defendants did not take the stand and no evidence was submitted in defense.

We cannot agree with defendant's contention: "It is the further theory of defendant that the only evidence introduced by the State was proof that on the date alleged in the indictment the defendant and his companion, Boscarino, were near the scene of a burglary. In view of the fact that no evidence was introduced which in any way connected defendant with the alleged burglary, it was error for the trial court to deny defendant's motions for directed verdict." The proof here and all reasonable inferences emerging demonstrate convincingly that defendant is guilty and that the jury's verdict so finding should not be disturbed.

The defendant filed a written motion for a new trial

and in it he failed to challenge any rulings of the trial court regarding any limitation of defendant in questioning the jurors on their *voir dire* examination. This failure precludes our consideration of this assignment of error. (*People* v. *Flynn,* 8 Ill.2d 116, 118, 119.) The judgment is affirmed.

*Judgment affirmed.*