(No. 36253)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. CLARENCE NEEDHAM, Plaintiff in Error.

*Opinion filed May 19, 1961.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Clarence Needham, was tried before a judge in the criminal court of Cook County and was found guilty of the crime of unlawful possession of narcotic drugs. He had previously been convicted of a violation of the narcotics laws, and under the statute he was sentenced to the

penitentiary for a term of not less than five years nor more than life imprisonment. See Ill. Rev. Stat. 1959, chap. 38, par. 192.28—38.

Two police officers testified that they obtained a warrant to search the defendant's apartment. When they entered the apartment, the defendant and a woman were present, and the defendant denied the presence of any narcotics. They found nineteen packets of heroin lying under a newspaper on the bed. The officers testified that the defendant then admitted that the narcotics were his and that he had been dealing in narcotics for the past month. The defendant, on the other hand, testified that he did not know what was in the "little packages" and that he told the officers that they were not his. He also testified that he was arrested at 9 A.M.; that he had left the room for twenty or twenty-five minutes before the police arrived, that when he left the bed was unmade, but that when he returned the bed was "arranged," and that at no time before the arrival of the police officers did he go to the bed to remove the newspaper.

The defendant's first contention is that it was prejudicial error to permit the officers to testify to his statement that he had been dealing in narcotics. No objection or motion to strike was made, however, and the point was not raised in defendant's written motion for a new trial. It has therefore been waived. *People* v. *Bravieri,* 21 Ill.2d 369; *People* v. *Rogers,* 16 Ill.2d 175, 181; see also *People v. Flynn,* 8 Ill.2d 116.

The defendant also contends that his cross-examination of the police officers was improperly restricted. Objections were sustained to questions as to whether they "had ascertained" whether the woman in the defendant's apartment was a narcotics addict, and they were not permitted to testify whether she was arrested or taken to the police station. The defendant, however, testified that she was not arrested. On his direct examination the defendant testified that the woman, identified in this court as his wife, had

spent the night in the apartment. An objection was sustained to the question, "Do you know if other people entered that room at any time that morning outside your presence?"

Some of the questions to which objections were sustained were improper as to form, and in other instances the information sought was ultimately obtained. We are of the opinion that no prejudicial error occurred in the court's rulings upon the admission of evidence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*