(No. 37500.—■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PERCY LEE KING, Plaintiff in Error.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

PERCY LEE KING, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Percy Lee King, was indicted together with Theodis Hester and Arthur Murphy in the criminal court of Cook County for the crime of murder on October 13, 1951, of Helen Benson. After trial by the court ending

July 21, 1952, King was found guilty and sentenced to death. This court reversed and remanded for a new trial. (*People* v. *King*, 1 Ill.2d 496.) On the second trial, the jury returned a verdict finding defendant King guilty of murder and fixing his punishment at imprisonment in the penitentiary for life. Judgment was entered on the verdict. Defendant prosecutes writ of error from such judgment.

Defendant contends error in connection with evidence and instructions. He contends that the court erred (1) in admitting in evidence People's exhibit 2 which was a photograph of the interior of the hotel where part of the crime allegedly occurred without first affording defendant the opportunity to cross-examine witnesses concerning it, (2) in overruling defendant's motion for a mistrial on the grounds of prejudice in permitting evidence concerning knife wounds and by partial introduction of evidence concerning another offense, (3) in certain instructions given the jury, (4) in admitting an alleged confession where leniency was promised, and (5) in permitting prejudicial cross-examination by the prosecutor of defense witnesses Hester and Murphy by seeking to impeach them by signed statements not proved to have been made voluntarily.

In the early morning hours of Sunday, October 13, 1951, defendant King, armed with a 410-gauge shotgun, accompanied by Murphy, entered the lobby of the Bellereve Hotel located on Chicago's south side. The night clerk, Joseph Birney, behind the desk, was ordered by King to put up his hands. King then vaulted over the counter and demanded money. He took some from the money drawer and ordered Birney to open the safe in the office behind the counter. When told the safe could be opened only by Brinks, Inc., he struck Birney and ordered him to go to a room opening off of the lobby, the room of the deceased Helen Benson and her husband, Eugene. Mrs. Benson was alone in the room when defendant, Birney and Murphy entered. King demanded money from Mrs. Benson. Her

husband entered the room and she ran from the room screaming. King and Murphy followed her. When she reached the walk in front of the building, the shotgun was discharged and Mrs. Benson was hit by the charge on the left side of her face, dying shortly thereafter. King, Murphy and Hester all were later apprehended. All three signed written statements admitting the facts. Defendant King in his written statement stated that he tripped over an obstruction and that his gun was accidentally discharged.

With reference to the alleged error (1) of admitting the photograph, People's exhibit 2, into evidence before an opportunity was given defendant's counsel to cross-examine the witness whose testimony provided the foundation for the exhibit, such cross-examination first should have been permitted. However, on cross-examination of this witness, defendant's counsel did not ask questions concerning the exhibit although the opportunity was present to do so. Further, this exhibit was a photograph of the interior of the hotel where a part of the crime occurred and there was ample oral testimony concerning it. No prejudicial error was committed with reference to this exhibit.

The defendant further contends that the trial court erred (2) in admitting into evidence testimony concerning three knife wounds on the neck of deceased. The evidence in the case showed that the decedent fled from the hotel room and that the defendant pursued her with a shotgun. Mr. Benson was knocked over by the defendant on his way out of the room. Benson heard a gun fired and when he reached the sidewalk his wife was lying on the ground with the knife wounds on her neck as well as the wounds on her face caused by the shotgun, none of which wounds were on her prior to her leaving the room. The defendant contends that the testimony admitted in reference to neck wounds aroused an inference that the same were caused by the defendant while he was only charged with having caused the shotgun wounds. In our opinion no error was

committed by the trial court. All evidence concerning "the physical facts and circumstances showing a killing are admissible in evidence as tending to throw light on the transaction and to reveal the nature" of the crime. (*Williams* v. *State*, 154 Tex. Crim. 138, 225 S.W.2d 836.) Also all facts of the crime which show the aggravated nature of the offense are relevant to the punishment to be set by the jury. *Nowacryk* v. *People*, 139 Ill. 336.

The prosecution called Howard Lloyd, a bellboy employed at the Greenview Hotel who testified that he saw King and Hester in the hotel where a robbery occurred on October 11, 1951. He was asked if King had anything in his hands at that time. Thereupon objection was made and in chambers the assistant State's Attorney stated that the purpose of the offered testimony was to show that King had on that prior occasion used a knife and shotgun in the robbery and contended this evidence was admissible to show a pattern of similar offenses. The court expressed misgivings about this testimony, the State withdrew the witness and his testimony was stricken and the jury instructed to disregard it. The general rule in criminal cases is that evidence of prior or other offenses is not admissible. This is based on the rule that in all cases the evidence must be confined to the point in issue. This is certainly more the case in a criminal case, as such evidence tends to draw away the minds of the jurors from the points in issue, to excite prejudice and mislead them. (*Farris* v. *People*, 129 Ill. 521.) No motion was made for a mistrial. In view of the limited testimony of this witness heard by the jury and the striking of such testimony and the instruction to disregard, we perceive no prejudicial error.

Defendant complains (3) also of the giving of three instructions. The instruction that the acts of Hester (King's accessory) were in contemplation of law those of King was proper since it was proved that at least these two persons participated in the same offense. The instruction

on confession was a proper statement of the law (*People v. Stacey*, 25 Ill.2d 258) and was properly given. Defendant objects that his statement was an admission, not a confession, because he admitted only to a participation in a killing and not to the act of murder. There is no distinction between acknowledgement of participation in a murder as a matter of fact and an acknowledgement of guilt of murder. Defendant's statement showed that he participated in an armed robbery in which a killing occurred. His statement was, as a matter of law, a confession of murder. The third instruction complained of dealt with intoxication as a defense. Defendant contends the giving of this was error because he did not use intoxication as a defense. An examination of the record shows defense counsel on numerous occasions asked questions on drinking and intoxication; hence, the instruction was applicable and properly given.

Defendant contends (4) error was committed by admitting his confession into evidence because it was not voluntary and all persons present when it was made were not called to testify. Defendant claims promises of leniency led to his confession. All persons present at the time of the alleged promises either testified, were co-defendants or out of the jurisdiction at the time of the trial. The promises were denied. In this state of the record it was not error to admit the confession.

Finally, defendant contends error (5) in the State's cross-examination of defense witnesses, Hester and Murphy. Most of the objections to the questions complained of were sustained. There was no motion for a mistrial and the written motion for new trial did not include this as a ground for the motion. The point therefore was waived. *People* v. *Bravieri*, 21 Ill.2d 369; *People* v. *Needham*, 22 Ill.2d 258.

There being no prejudicial error in this record, accordingly the conviction is affirmed.

*Judgment affirmed.*