**Carl Junior HACKATHORN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36935.**

Court of Criminal Appeals of Texas.

June 24, 1964.

Rehearing Denied Oct. 21, 1964.

Certiorari Denied May 24, 1965.

See 85 S.Ct. 1570.

Phil Burleson, Dallas, Robert Power, Irving, for appellant.

Henry Wade, Dist. Atty., William F. Alexander, Frank Watts, A. D. Jim Bowie, Harryette Bercu, Ross Teeter and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, death.

The testimony of the state shows that the appellant killed Bobbie Smith, a woman, by shooting her three times with a pistol above the left ear, the three bullets passing through and lodging in the right side of the brain, and causing her death instantaneously.

The appellant did not testify, but called his mother and a psychiatrist whose testimony supported his defense of insanity.

In rebuttal, the state called two doctors trained and experienced in the practice of psychiatry and four lay witnesses, all of whom expressed the opinion that the appellant was sane.

The jury resolved the issue of insanity against the appellant, and the evidence is sufficient to support the conviction.

It is insisted that the trial court erred in overruling appellant's motion for a continuance on the ground of refusal of the state to timely and immediately comply with the order of the court of May 2, 1963, made in response to appellant's motion, directing the state to indorse on the indictment the names of its witnesses.

On May 3, the district attorney was notified of the order to list the state's witnesses on the indictment, but this was not done until shortly before the voir dire examination of the venire began on May 6. The introduction of evidence on the merits begain on May 11.

The statutory provision (Art. 392, C.C.P.) that the names of the witnesses upon whose testimony the indictment is found shall be indorsed thereon has been held directory and not mandatory. 1 Branch 2d 511, Sec. 534; Ellisor v. State, 162 Tex.Cr.R. 117, 282 S.W.2d 393; Newton v. State, 162 Tex.Cr.R. 519, 287 S.W. 2d 179. It is undisputed that the appellant killed the deceased. The only issue was that of appellant's insanity as hereinbefore shown. He supported this defense by the testimony of his mother and a psychiatrist, and in rebuttal the state called two psychiatrists and four lay witnesses. However, there is no showing that the indictment was found on the testimony of the witnesses testifying on the issue of insanity. Hence, no reversible error is shown. Cage v. State, 167 Tex.Cr.R. 355, 320 S. W.2d 364.

Error is urged because of the admission of testimony describing the bloody condition of the deceased's clothes, which were identified by an officer, while testifying, but the clothes were never shown to the jury.

The testimony consisted only of a narration of the facts by the officer as to his removing the deceased's clothing from her body, and after observing and identifying such clothing on the witness stand, he described their bloody condition. This evidence is distinguished from the rule which prohibits the introduction and actual display of bloody clothing of the deceased when not material to any issue in the case. The admission of the testimony shows no error. Williams v. State, 154 Tex.Cr.R. 138, 225 S.W.2d 836; Hall v. State, 164 Tex.Cr.R. 573, 301 S.W.2d 161.

Appellant contends that the trial court erred in refusing to grant his request, prior to announcing ready for trial, for a copy of the autopsy report and his written statements. He further contends that the court erred in refusing to grant his motion for a continuance on the ground of surprise when it was shown by the state during the trial that an analysis of a blood specimen taken from the deceased after her death showed no trace of alcohol.

To support his contention, the appellant, an indigent, urges that in the preparation of his defense the court's actions rendered ineffective the services of his court-appointed counsel; that the court's refusal of the request that the report and statements be produced deprived the psychiatrist of their use in making an accurate diagnosis of appellant's mental condition; and, further, that such refusals denied him equal protection of the law.

This contention and the foregoing contentions are considered without comment on whether they are properly before the Court for review, due to the gravity of the punishment assessed.

It has been the consistent holding of this Court that counsel for the state is not required to furnish the accused with statements of witnesses, copies of reports, or his written statements, for the purpose of pre-trial inspection. Hence, the denial of the requests was not error. Freeman v. State, 166 Tex.Cr.R. 626, 317 S.W.2d 726.

It is urged that the trial court erred in permitting Dr. Holbrook to testify for the state because of the circumstances under which his observations of the appellant were made. He contends that Dr. Holbrook realized at the time he interviewed the appellant that he (appellant) had not yet seen his attorneys and would not cooperate after conferring with them, and that Dr. Holbrook did not inform the appellant that he was interviewing him on behalf of the state. A similar contention was considered and overruled in Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612.

The only issue was that of insanity. Dr. Holbrook's interview and observations of the appellant were not made in violation of any statute, and no objections were made to the admission of his testimony, or request that it be withdrawn from consideration by the jury. Therefore no error is shown.

The judgment is affirmed.

Opinion approved by the Court.